E. A. GREGORY, Vonna Jo Gregory, and Faith Investment Company, Inc., Appellant,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION.

E. A. GREGORY et al.

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, Appellant.

E. A. GREGORY, Vonna Jo Gregory, and Faith Investment Company, Inc.

v.

FEDERAL DEPOSIT INSURANCE CORPORATION.

Nos. 79–1868, 79–2274 and 79–2292.

United States Court of Appeals, District of Columbia Circuit.

Argued May 8, 1980.

Decided July 1, 1980.

Rehearing Denied July 25, 1980.

Charles Emmet Lucey, Washington, D. C., with whom Gary L. Ryan, Washington, D. C., was on brief, for appellants in no. 79–1868 and cross-appellees in nos. 79–2274 and 79 2292.

Michael Jay Singer, Atty., Dept. of Justice, Washington, D. C., with whom Alice Daniel, Asst. Atty. Gen., Charles F. C. Ruff, U. S. Atty., Leonard Schaitman, Atty., Dept. of Justice and Scott A. Anenberg, Atty., Federal Deposit Ins. Corp., Washington, D. C., were on brief, for appellee in No. 79-1868 and cross-appellant in Nos. 79–2274 and 79-2292.

Before ROBB and MIKVA, Circuit Judges, and GESELL,* United States District Judge for the District of Columbia.

Opinion PER CURIAM.

PER CURIAM:

This is a Freedom of Information Act ("FOIA") case which brings into further focus the meaning and effect of exemption

* Sitting by designation pursuant to 28 U.S.C. § 292(a).

8, 5 U.S.C. § 552(b)(8) (1976),[1] as well as the procedure for claiming attorney's fees under 5 U.S.C. § 552(a)(4)(E) (1976).

Plaintiffs below sought records from the Federal Deposit Insurance Corporation ("FDIC") relating to themselves and two Alabama state banks that had recently closed their doors to the public. The Gregorys had been officers and directors of these two state banks. Their FOIA requests were initiated in July, 1978, within a year following failure of the banks. FDIC is an agency responsible for the regulation and supervision of the state and national banks it insures, including the two Alabama banks in question. The agency in due course released a large number of documents but withheld several hundred more, invoking various FOIA exemptions. These exemption claims then came before the District Court on cross-motions for summary judgment.

The District Court sustained the agency's reliance on certain exemptions, and its conclusions in this regard are accepted by the parties. The Court ruled further that exemptions 8 and 7(A)[2] were inapplicable to the documents sought. This latter ruling affected some 300 documents withheld wholly or in part pursuant to exemption 8 and one document withheld under exemption 7(A).

Plaintiffs below do not contest the District Court's holdings on the merits. As appellants, they assert only that having substantially prevailed they are entitled to costs and attorney's fees under the Act. They seek remand to the District Court for a determination of the award. FDIC cross-appeals with respect to the District Court's refusal to honor its claims under exemptions 8 and 7(A).[3]

·■ At issue is the Court's conclusion that financial reports concerning the two banks, prepared for use by the agency, are not protected under exemption 8 once the banks have closed. The District Court held that although a literal reading of this exemption covered the financial records in dispute, an application of the exemption to records of a closed bank leads to an unreasonable result because it would prevent disclosure for all time. The Court believed this result would be inconsistent with congressional purpose, and therefore ordered the records released. We disagree and again sustain the plain meaning of the statutory exemption.

We held in *Consumers Union of United States, Inc. v. Heimann,* 191 U.S.App.D.C. 8, 589 F.2d 531 (1978), that the meaning of exemption 8 was clear and that its broad, all-inclusive scope should be applied as written since Congress had "intentionally and unambiguously" so contemplated. We concluded in that recent case that Congress had left no room for a narrower interpretation in its choice of statutory language. *Id.,* 589 F.2d at 535. Congress looked to the nature and source of the material and determined to provide absolute protection regardless of the circumstances underlying the regulatory agency's receipt or preparation of examination, operating or condition reports.

Moreover, this is not a case in which the plain meaning of the statute yields an unreasonable result. It is clear from the legislative history that the exemption was drawn to protect not simply each individual bank but the integrity of financial institutions as an industry. *See, e. g.,* H.R.Rep. No.1497, 89th Cong., 2d Sess. 11, *reprinted in* [1966] U.S.Code Cong. & Admin.News,

---

**1.** Under this provision, the statutory disclosure requirements do not apply to matters that are:

   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for use of an agency responsible for the regulation or supervision of financial institutions.

**2.** 5 U.S.C. § 552(b)(7)(A) (1976) exempts from disclosure:

investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would interfere with enforcement proceedings.

**3.** The one document for which FDIC invoked exemption 7(A) also was claimed under exemption 8. Given our disposition of the exemption 8 issue, we need not address the applicability of exemption 7(A). *See* note 6 *infra.*

pp. 2418, 2428; S.Rep.No. 813, 89th Cong., 1st Sess. 10 (1965). Congress was well aware from its long experience with banking legislation and regulation that the FDIC often steps in to safeguard closed state banks protected by FDIC guarantees. It also was well aware of the delicate role the agency may play as receiver in these circumstances, pending either takeover by another institution or liquidation. In the event of a takeover, many of the records in question become revitalized immediately. And liquidation may leave a trail of legal controversies to be resolved among officers, directors and depositors.

In view of these practical exigencies, frank cooperation between bank officials and the FDIC is needed. Financial examination into all loans and banking relationships takes place as the agency searches for the causes of the closed bank's distress and negotiates to protect the interests of depositors and borrowers. Congress may be presumed to have been aware that records of these activities require the same protection as that afforded to the FDIC's dealings with open banks under the exemption. Surely to comprehend closed banks within the spread of the exemption is not unreasonable.

■ The District Court expressed concern that a literal application of the exemption would prevent disclosure of closed bank records "for centuries," contrary to the FOIA policy encouraging reasonably full disclosure of governmental activities. This is not a case involving ancient records. Plaintiffs seek data relating to recently closed institutions with which they were connected, including material concerning a still ongoing criminal investigation. The agency is free to release records, and its discretion is exercised pursuant to published regulations.[4] Moreover, FDIC does not retain closed bank records indefinitely. Instead they are sent to a Federal Records Center within a few years, for storage and eventual destruction.[5] The status of such records once they pass to a Record Center is not involved here.

The Freedom of Information Act is far from a model of precision. This Court has attempted to develop a body of law that will implement the expression of congressional intent. When experience shows that an exemption was too broadly drawn, Congress is, of course, free to reconsider. But in situations such as the instant case, where statutory language is explicit and ample justification exists for the result consistent with stated congressional purposes, the statute must be applied in accordance with its plain meaning.[6]

Turning briefly to the claim for attorney's fees, we find that no relief should be granted. As already noted, the Gregorys received a number of documents in the course of agency review. Several more documents originally withheld under exemption 5[7] were released as a result of the District Court's order, an action not affected by the agency's appeal. Although plaintiffs below apparently prevailed to this extent, no attorney's fees were awarded. It is urged that the case be remanded for the purpose of obtaining compensation.

■ The complaint, however, sought only expenses, not attorney's fees. Moreover, no motion for attorney's fees was ever made below. In a FOIA action, no request for attorney's fees can be entertained unless specifically pled in the complaint or expressly sought by appropriate motion before judgment. If one of these prerequi-

---

4. *See* 12 C.F.R. § 309.6(c) (1980) (providing for discretionary release of otherwise exempt records).

5. *See* Letter from M. J. Singer to Clerk of Court, U.S.C.A., May 16, 1980, in clarification of remarks made during oral argument.

6. Considerable attention was focused below on the FDIC's "report of apparent criminal irregularity," submitted to the FBI. In view of our holding, however, it is unnecessary to consider whether or not the report was compiled for law enforcement purposes within the meaning of exemption 7(A). The criminal irregularity report, prepared by an FDIC bank examiner in connection with the agency's regulatory functions, is fully protected by exemption 8.

7. 5 U.S.C. § 552(b)(5) exempts from disclosure: inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.

sites is met, the District Court can in its discretion determine whether to act on the prayer for an attorney fee award or enter judgment on the merits, reserving action on attorney's fees for separate consideration. Here no attorney fee request was properly made in time and the District Court was not required to act. The Gregorys waived their right. Their appeal with respect to attorney's fees is accordingly dismissed.[8]

The District Court's denial of attorney's fees is sustained. On the merits, the judgment is reversed in part and the case remanded with direction to apply exemption 8 in accordance with this decision.

---

**8.** The fixing of costs, if any, is handled routinely under 28 U.S.C. § 1920 (1976).